# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PHILLIP PAUL MILEY, TERESA M. METROS a/k/a TERESA M. WARGO, THE METHODIST HOSPITALS INC., TRI-CREEK AMBULANCE SERVICE AGENCY INC., and SHANA D. LEVINSON,<br><br>Defendants. | CAUSE NO.: 2:18-CV-222-TLS |

## OPINION AND ORDER

This matter is before the Court on the United States of America's Motion for Entry of Default Judgment and Decree of Foreclosure [ECF No. 14], filed on April 2, 2019, pursuant to Federal Rule of Civil Procedure 55(b)(2).

## BACKGROUND

On or about July 6, 2010, Defendant Phillip Paul Miley, executed and delivered a promissory note in the amount of $134,000 ("Promissory Note") to Plaintiff the United States of America ("United States"), for and on behalf of its agency, the United States Department of Agriculture. Compl. at ¶ 2, ECF No. 1. The Promissory Note was secured by a mortgage ("Mortgage") on real estate[1] owned by Defendant Miley in Lake County, Indiana ("Real Estate"). *Id.* at ¶ 3.

---

[1] The Mortgage is on the following described real estate in Lake County, to wit: LOT 37, IN WOODLAND MANOR UNIT 2, TO THE TOWN OF LOWELL, AS PER PLAT THEREOF, RECORDER IN PLAT BOOK 42 PAGE 20 IN THE OFFICE OF THE RECORDED OF LAKE COUNTY, INDIANA. Compl. at ¶ 3.

On June 8, 2018, the United States filed a Complaint [ECF No. 1], alleging that Defendant Miley defaulted on the Promissory Note for failing to comply with its repayment obligations. *Id.* at ¶ 5. The Complaint further alleges that Defendant Miley owes the United States, pursuant to the Promissory Note and the Mortgage, the sum of $193,869.69, consisting of $163,389.45 in principal and $30,480.24 in accrued interest as of November 2, 2017, plus $20.8120 per day to the date of judgement. *Id.* at ¶ 7. The Complaint names Teresa M. Metros a/k/a Teresa M. Wargo, the Methodist Hospital Inc., Tri-Creek Ambulance Service Agency Inc., and Shana D. Levinson as additional Defendants to this cause because each has an interest in the Real Estate that is inferior to the interest of the United States. *Id.* at ¶¶ 8–13.

In the Complaint, the United States requests that the Court (1) enter judgment in rem against the Real Estate and in personam against Defendant Miley for the owed amount; (2) enter an order declaring the United States' Mortgage prior and paramount to the interests of all other parties, determining the amount and priorities of the interest of all other parties as to the Real Estate, and foreclosing the equity of redemption of the Defendants in the Real Estate; (3) enter an order directing the sale of the property by the U.S. Marshals and application of the proceeds first to the cost of sale and second to the payment of the judgement of the United States, with any remaining proceeds being paid to the Clerk of Court to be disposed of as directed by the Court; and (4) issue, if necessary, a writ of assistance upon proper praecipe if the purchaser of the Real Estate is denied possession.

After each Defendant failed to file an answer to the Complaint by the imposed deadline, the United States filed its Application for Entry of Default [ECF No. 11], on October 23, 2018, requesting that the Clerk of Court make an entry of default as to each of the Defendants. The Clerk of Court made an Entry of Default as to Defendants Miley, Teresa M. Metros a/k/a

Theresa M. Wargo, the Methodist Hospital Inc. and Tri-Creek Ambulance Service Agency Inc. [ECF No. 12], on October 24, 2018. The Clerk of Court made an Entry of Default as to Defendant Shana D. Levinson [ECF No. 13], on April 1, 2019. The United States then filed the instant Motion for Entry of Default Judgment and Decree of Foreclosure [ECF No. 14] on April 2, 2019, along with the Declaration of Richard Willenberg.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. "Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." *J & J Sports Prods., Inc. v. Ramos*, No. 2:17-CV-195, 2019 WL 2206090, at *1 (N.D. Ind. May 22, 2019) (citing *AM. Acceptance Co., LLC v. Goldberg*, No. 2:08-CV-9, 2008 WL 838813, at *2 (N.D. Ind. Mar. 28, 2008)). After an entry of default is made, the Court may, at its discretion, enter default judgment. *O'Brien v. R.J. O'Brien Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). A district court's entry of "default judgment is justified when 'the defaulting party has exhibited a willful refusal to litigate the case properly,' as evinced by 'a party's continuing disregard for the litigation and for the procedures of the court' and a 'willful choice not to exercise even a minimum level of diligence.'" *United States v. Eckert*, No. 3:18-CV-027, 2018 WL 3617261, at *1 (N.D. Ind. July 30, 2018) (quoting *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003)).

The Seventh Circuit has consistently held that, upon entry of default, "'the well-pleaded allegations of a complaint relating to liability are taken as true.'" *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). "While the well-pleaded allegations of the complaint with respect to liability are generally taken as true, the amount in

damages must still be proved." *Eckert*, 2018 WL 3617261, at *2 (citing *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012)). To determine with reasonable certainty the proper amount to award as damages to the prevailing party, the court must rely upon either an evidentiary hearing or definite figures contained in documentary evidence or detailed affidavits. *J & J Sports Prods.,* 2019 WL 2206090, at *1 (citing *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004); *Dundee Cement Co.*, 722 F.2d at 1323).

**ANALYSIS**

Over a year has passed since the United States filed its Complaint and the initial summons were served. Months have passed since the Clerk of Court made an entry of default against each Defendant. Despite this, no Defendant has appeared or given any indication of an intent to participate in this litigation. The Defendants' refusal to participate warrants a default judgment.

Upon entry of default, the well-pleaded factual allegations contained within the complaint relating to liability are taken as true. The United States has pleaded that Defendant Miley executed and delivered to the United States a Promissory Note in the amount of $134,000, secured by a Mortgage in the Real Estate. The United States also pleaded that its Mortgage in the Real Estate is prior and paramount to the interest of Defendants Teresa M. Metros a/k/a Teresa M. Wargo, the Methodist Hospitals Inc., Tri-Creek Ambulance Service Agency Inc., and Shana D. Levinson. Finally, the United States pleaded that Defendant Miley is in default for failing to comply with the Promissory Note's repayment obligations. Based on these factual allegations, the United States is entitled to judgment on its claim against the Defendants.

Although the factual allegations of the United States' Complaint are taken as true, it still maintains the burden of proving damages. In this case, a hearing to determine damages is

4

unnecessary because the United States has provided the Court the documents necessary to calculate damages. The United States attached the Promissory Note [ECF No. 1-1], the Mortgage [ECF No. 1-2], and the Subsidiary Repayment Agreement [ECF No. 1-3] as exhibits to the Complaint [ECF No. 1]. These documents establish the principal amount owed, the interest rate, and the terms of the agreement. In addition, the United States has provided the Declaration of Richard Willenberg[2] [ECF No. 14-1] in support of its Motion for Entry of Default Judgment and Decree of Foreclosure [ECF No. 14]. This Declaration verifies that, as of October 26, 2018, Defendant Miley owed the United States Department of Agriculture the following amounts:

| | |
|---|---|
| Principal Balance | $ 127,745.83[3] |
| Interest Balance | $ 36,275.21 |
| Subsidy Recapture | $ 000.00 |
| Late Charges | $ 713.07 |
| Caretaking Fees | $ 20,457.67 |
| Advances on Taxes & Insurance | $ 19,279.14 |
| Interest on Advances/Fees | $ 3,924.16 |
| Advance for Title Search | $ 350.00 |
| Advance for Appraisal Search | $ 300.00 |
| Total | $ 209.045.08 |

---

[2] Mr. Willenberg is a Foreclosure Specialist for the United States Department of Agriculture and was authorized by the United States to make the Declaration on behalf of the Plaintiff United States of America. Declaration of Richard Willenberg at ¶ 2, ECF No 14-1.

[3] The Court notes that the Principal Balance amount in the Declaration of Richard Willenberg differs from the Principal Balance provided in the Complaint. For this reason, the Court will consider only the amounts provided in the Declaration of Richard Willenberg to calculate damages.

Further, the declaration verifies that interest on the amount owed is accruing at $21.0029 per day to the date of judgment. Based on these four exhibits, the Court can determine with reasonable certainty the proper amount to award as damages.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the United States of America's Motion for Entry of Default Judgment and Decree of Foreclosure [ECF No. 14]. The Court ORDERS that Judgement is ENTERED against Defendant Miley in favor of Plaintiff the United States of America for the following amounts:

| | |
|---|---|
| Principal Balance | $ 127,745.83 |
| Interest Balance | $ 36,275.21 |
| Subsidy Recapture | $ 000.00 |
| Late Charges | $ 713.07 |
| Caretaking Fees | $ 20,457.67 |
| Advances on Taxes & Insurance | $ 19,279.14 |
| Interest on Advances/Fees | $ 3,924.16 |
| Advance for Title Search | $ 350.00 |
| Advance for Appraisal Search | $ 300.00 |
| Additional Interest Accumulated From October 26, 2018 to Date of Judgment | $ 7,750.07 |
| Total | $ 216,795.15 |

The Court hereby DECLARES that the United States of America's Mortgage is a valid lien on the real estate described as follows:

> LOT 37, IN WOODLAND MANOR UNIT 2, TO THE TOWN OF LOWELL, AS PER PLAT THEREOF, RECORDED IN PLAT BOOK 42 PAGE 20 IN THE OFFICE OF THE RECORDER OF LAKE COUNTY, INDIANA.

The Court further DECLARES that the United States of America's lien is prior and paramount to the interest of Defendants Teresa M. Metros a/k/a Teresa M. Wargo, the Methodist Hospitals Inc., Tri-Creek Ambulance Service Agency Inc., and Shana D. Levinson. Further, the Court hereby ORDERS the Mortgage on the real estate foreclosed, BARS all of the Defendants' equity of redemption in the Real Estate, and ORDERS the sale of the Real Estate pursuant to the applicable law in order to pay the judgment of the United States of America, with the proceeds of the sale applied first to the costs of the sale and second to the payment of the judgment, with any then-remaining surplus paid to the Clerk of the Court to be disposed of as the Court shall direct.

SO ORDERED on October 30, 2019.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT